Grafton,
No. 5249.

MATTHEW S. GILE *v.* LEBANON.

Argued September 11, 1964.
Decided October 6, 1964.

*Alfred Catalfo, Jr.* (by brief and orally), for the plaintiff.

*William E. Lovejoy* (by brief and orally), for the defendant.

WHEELER, J.    The plaintiff is owner of certain premises in Lebanon, being Nos. 23, 31, 39 and 43 Court Street. Water is furnished to these buildings by the defendant's water department through a single service entrance to No. 31 Court Street in which there are located three meters, one for No. 23, one for No. 31 and one for Nos. 39 and 43. No. 43 has a separate meter in the building. No. 39 is a two-apartment house.

On December 1, 1962 the plaintiff notified the defendant by letter that after January 1st he would no longer furnish water to his tenants and would no longer be responsible for their unpaid bills.

The plaintiff made no request that the water other than to the store at No. 23 be shut off. He was advised by the city manager that the water would be shut off at No. 23, but that metering of each apartment in No. 39 could not be allowed "because tenant or rental users are too transient."

The city manager and the plaintiff examined plaintiff's properties and the city manager then determined it was not feasible to locate a meter for the second apartment in No. 39, at least in the absence of a separate entrance.    At the same time plaintiff was requested, in order to avoid having the water shut off, to pay a past-due water bill of $75 for water used by plaintiff and his tenants.    The plaintiff paid the bill under protest. At no time did any of the plaintiff's tenants apply for separate water service and meters.

The defendant's position is that it does not look to tenants to pay water bills but to the owner. The city is willing to bill each meter separately but would send the bill to the owner. The plaintiff's position boiled down seems to be that he does not wish to be responsible for his tenants' delinquent water bills with the resultant lien on his real estate.

The Legislature may authorize a public utility, such as a water company, to refuse to deal with the tenants of premises which it is under obligation to supply.    43 Am. Jur., Public Utilities and Services, s. 62, p. 610.    RSA 38:22 provides that "all charges . . . for . . . water . . . furnished to patrons in any municipality operating municipally owned . . . water . . . works, shall become a lien upon any real estate where such . . . water . . . is furnished." We hold this constitutes legislative authority for the defendant to insist on charging the plaintiff landlord for water furnished to his tenants.    See *Whitefield &c. District* v. *Bobst*, 93 N. H. 229.

We do not think the defendant's conduct was unreasonable in refusing to install extra meters or that any constitutional question is presented by its demand for payment of unpaid water bills for water furnished to the plaintiff's real estate.

*Exceptions overruled.*

All concurred.